S. Brandon Owen (9971)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
bowen@rqn.com

*Attorneys for Plaintiff Findlay Group, LLC d.b.a. Albion Fit*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FINDLAY GROUP, LLC. d.b.a. ALBION FIT, a Utah Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>HAZEL AVENUE BOUTIQUE, LLC, a Utah Limited Liability Company,<br><br>Defendant. | **COMPLAINT**<br><br><br>Case No. 2:17-cv-00926-CW<br><br>Judge Clark Waddoups |

Plaintiff Findlay Group, LLC complains and alleges against defendant Hazel Avenue Boutique as follows:

## **PARTIES**

1. Plaintiff Findlay Group, LLC (dba Albion Fit), ("Albion Fit") is a Utah limited liability corporation having an office and principal place of business at 1385 E. Ft. Union Blvd Suite 350, Cottonwood Heights, UT 84121.

2. Plaintiff is informed and believes, and thereon alleges, that defendant Hazel Avenue Boutique ("Hazel Avenue") is a Utah limited liability company doing business throughout the United States and in this judicial district and that it has functioning business representatives residing in this judicial district.

3. On information and belief, Hazel Avenue has a shop or office and sells, advertises and markets for sale clothes throughout the United States, including in the state of Utah.

## JURISDICTION AND VENUE

4. This is a Complaint for, amongst other things, infringement of Albion Fit's copyrights, trade identifiers and trade dress by defendants, arising under the Federal Copyright Act of 1976, Title 17, United States Code (17 U.S.C. § 1 *et seq.*) and 15 U.S.C. § 1125(a). Original subject matter jurisdiction is provided under 28 U.S.C. § 1338. The Court has supplemental jurisdiction of related common law and state law claims arising from the same operative facts pursuant to 28 U.S.C. § 1367(a).

5. Personal jurisdiction may be had in this federal district over defendant Hazel Avenue because Hazel Avenue is formed and organized under the laws of the State of Utah. Hazel Avenue is also subject to personal jurisdiction in this federal district under Utah Code Ann. § 78B-3-205.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1400(a).

## GENERAL ALLEGATIONS

7. Since 2009, Albion Fit has been engaged in the creation, marketing and sale of fitness and leisure apparel.

8. Albion Fit is the owner of the copyrights, trade identifiers and trade dress ("Proprietary Company Property") at issue in this action.

9. Since its inception in 2009, Albion Fit has sold its fitness and leisure apparel throughout the United States through its online store at albionfit.com ("website") and through its retail store located in Salt Lake City, Utah, which includes the Proprietary Company Property. For example, Albion Fit's website shows Albion Fit's signature copyrighted swim suit patterns, which have also come to be a trade identifier of its business ("Proprietary Patterns"). These Proprietary Patterns can be seen in many of Albion Fit's swimsuits, for example, as represented in Albion Fit's *Island Hopper* swimsuit, as well as is represented in, but not limited to, those other swimsuits shown in Exhibit A. *See, e.g.* Exhibit A.

10. The *Island Hopper* was first created in March 2016.

11. Albion Fit has sought and obtained copyright registrations for its creative patterns, including U.S. Copyright Registration Number VA0002042806 for Albion Fit's Izabal pattern (which is used in Albion Fit's *Island Hopper* swimsuit, as well as U.S. Copyright Registration Number VA0002042807). *See also* Exhibit B.

12. As an example, but not meant as limiting, with respect to the *Island Hopper*, Albion Fit has complied with the federal Copyright Act's registration and deposit requirements, and the copyrights therein were duly and legally registered to Albion Fit by the Copyright Office of the United States.

13. Albion Fit has been and is still the owner of each of the above-mentioned works, and in and to the copyrights and the registrations.

14. Albion Fit's trade dress has come to be recognized by a material portion of the consuming public as distinctive of Albion Fit.

15. Albion Fit's Proprietary Patterns and trade dress have come to be recognized by a material portion of the consuming public as trade identifiers of Albion Fit.

16. Market participants familiar with the Island Hopper and Proprietary Patterns recognize these as well as variations of these as originating from Albion Fit.

17. Market participants familiar with the Island Hopper and Proprietary Patterns recognize these as well as variations of these as trade identifiers of Albion Fit.

18. Market participants familiar with the Island Hopper and Proprietary Patterns recognize these as well as variations of these as having commercial value.

19. Market participants familiar with the Island Hopper and Proprietary Patterns recognize these as well as variations of these as indicating that Albion Fit is the source of the product.

20. Other companies are mimicking Albion Fit's Proprietary Patterns.

21. Albion Fit has a history of successful sales. Since 2009 Albion Fit has sold and distributed many individual products incorporating the Proprietary Patterns to many buyers throughout the United States.

22. Allowing competitors to meet customer demands with Albion Fit's Proprietary Patterns interferes with Plaintiffs' business efforts, plans and strategies, and impugns its business reputation as the innovator, creator and originator of the Proprietary Patterns.

23. By the unauthorized sales and marketing of the Proprietary Patterns, Defendant materially changes the nature of the market. Unauthorized products result in Albion Fit's

unique products being offered by more than one company.  When this happens, Albion Fit is forced to compete against its own products in marketing and customer relations. This is irreparably detrimental to Albion Fit's market good will and reputation of being an innovator and leader in developing and offering distinctive products; Albion Fit must confront and answer questions about others offering the same or substantially similar or confusingly similar products. Furthermore, Albion Fit must then deal with and respond to potential customers who develop contacts and relationships with Hazel Avenue based on unauthorized use of Albion Fit's Proprietary Patterns.

24. Hazel Avenue's continued infringement and misappropriation of Plaintiffs' Proprietary Patterns and trade identifiers and trade dress is likely to encourage or embolden others to also infringe.  This will further improperly change the market.

25. Increasing the number of competitors cannot be undone and cannot be compensated by monetary damages because it requires spending untold time and effort to rehabilitate and/or enforce Albion Fit's claim to exclusive and proprietary products.

26. Hazel Avenue's use of Plaintiffs' Proprietary Patterns and trade identifiers and trade dress is causing irreparable harm to Albion Fit's existing market.

27. On or about May 2017, Albion Fit became aware that Hazel Avenue was selling what appears to be an identical swimsuit as Albion Fit's Island Hopper.  See Exhibit A.

28. On May 15, 2017, Albion Fit sent a letter to Hazel Avenue outlining its concerns and requesting, among other things, that Hazel Avenue cease and desist any and distribution and sale of the Proprietary Patterns.

29. In its May 2017 letter, Albion also outlined its concerns and requested, among other things, that Hazel Avenue cease and desist any use of Albion Fit's Proprietary Patterns. Subsequently, two other demand letters were sent on May 24, 2017, and July 10, 2017, identifying additional infringing patterns. To date, Hazel Avenue has not complied with Albion Fit's demands. In fact, on information and belief, Hazel Avenue has increased the number of infringing products offered for sale since Albion Fit's first demand letter.

**FIRST CLAIM FOR RELIEF**
**(Violation of the Federal Copyright (17 U.S.C. § 101 *et seq*.))**

30. Plaintiff incorporates herein by reference paragraphs 1 through 29, above.

31. Without the consent of the Plaintiff and in complete disregard of its rights, Defendant has infringed Albion Fit's copyright in the Proprietary Patterns within this judicial district and elsewhere throughout the United States by distributing and selling the infringing work, which includes at least in part materials that are substantially similar to Albion Fit's Proprietary Patterns. Hazel Avenue had access to the Proprietary Patterns.

32. Without the consent of the Albion Fit and in complete disregard of its rights, Hazel Avenue has infringed and does infringe Albion Fit's copyrights in Albion Fit's Proprietary Patterns within this judicial district and elsewhere throughout the United States.

33. The unauthorized and infringing use by Hazel Avenue of Albion Fit's copyrighted works, which are the subject hereof is and has been causing immediate and irreparable harm, damage and injury to Albion Fit in an amount to be proven at trial, and will, unless immediately enjoined, continue to cause immediate and irreparable harm, damage and injury to Albion Fit, in that sale of the infringing works and the display of the infringing images

is, has been, and will continue to greatly diminish the value of the original works by unlawfully supplanting Albion Fit's products in the market.

## SECOND CLAIM FOR RELIEF
### (Preliminary and Permanent Injunction and Impounding of Infringing Articles)

34. Albion Fit incorporates herein by reference paragraphs 1 through 33, above.

35. Albion Fit will suffer irreparable harm if Hazel Avenue's infringement of Albion Fit's copyrights and/or other use of the Proprietary Patterns, which is substantially similar to Albion Fit's is not enjoined.

36. The irreparable harm to Albion Fit outweighs any harm to Hazel Avenue from enjoining defendants from infringing Albion Fit's copyrights.

37. The public interest favors the protection of Albion Fit's copyrights.

38. There is a substantial likelihood that Albion Fit will prevail on the merits of its claim that Hazel Avenue has infringed Albion Fit's copyrights, trade identifiers and trade dress.

39. Therefore, Albion Fit is entitled to a preliminary and permanent injunction enjoining Hazel Avenue from infringing Albion Fit's copyrights, an order impounding all infringing articles, in accordance with Title 17, United States Code, Sections 502 and 503, and enjoining Hazel Avenue from any other use of the Proprietary Patterns and trade dress substantially similar to those of Albion Fit.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition, 15 U.S.C. § 1125(a))

40. Albion Fit incorporates herein by reference paragraphs 1 through 39, above.

41. Hazel Avenue has engaged and continues to engage in unfair competition by using words, false or misleading descriptions of fact, false or misleading representations of fact which are likely to cause confusion or mistake or to deceive the consuming public as to affiliation, connection, or association with Albion Fit as to origin, sponsorship or approval of Hazel Avenue's goods or commercial activities, or misrepresents the nature, characteristics or quality of Albion Fit's goods or commercial activities.

42. The aforesaid activities of Hazel Avenue will and do enable Hazel Avenue to reap undeserved credibility and monetary gain and will enable Hazel Avenue to compete unfairly with Albion Fit. Such activities constitute unfair competition.

43. As a proximate result of these acts of Hazel Avenue and each of them, Albion Fit has suffered and will continue to suffer, irreparable injury, as well as money damages in an amount to be proven at trial.

44. Such conduct on the part of Hazel Avenue has and will continue to cause irreparable injury to Albion Fit and has and is depriving Albion Fit of the fruits of its labors.

45. Unless enjoined by this Court, the foregoing conduct of Hazel Avenue will continue, and Albion Fit will continue to suffer great and irreparable injury. Albion Fit has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### (Common Law Unfair Competition)

46. Albion Fit incorporates herein by reference paragraphs 1 through 45, above.

47. Hazel Avenue and its employees and agents have engaged and continue to engage in unfair competition, unlawful appropriation, unjust enrichment, wrongful deception

of the purchasing public and unlawful trading on Albion Fit's good will and reputation for original creative products.

48. The aforesaid activities enable Hazel Avenue to reap undeserved credibility and monetary gain and have enabled Hazel Avenue to compete unfairly with Albion Fit. Such activities constitute common law unfair competition.

49. As a proximate result of these acts of Hazel Avenue and each of them, Albion Fit has suffered and will continue to suffer, irreparable injury, as well as money damages in an amount to be proven at trial.

50. Such conduct on the part of Hazel Avenue has and will continue to cause irreparable injury to Albion Fit and has and is depriving Albion Fit of the fruits of its labors.

51. Unless enjoined by this Court, the foregoing conduct of Hazel Avenue will continue, and Hazel Avenue will continue to suffer great and irreparable injury. Albion Fit has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### (Misappropriation of Trade Dress)

52. Albion Fit incorporates herein by reference paragraphs 1 through 51, above.

53. Hazel Avenue has, without authorization from Albion Fit, adopted and used valuable trade dress of Albion Fit.

54. As a direct and proximate result of Hazel Avenue's conduct, Albion Fit has been irreparably harmed and damaged in an amount to be proven at trial.

# **PRAYER FOR RELIEF**

THEREFORE, Albion Fit prays for judgment as follows:

A.  That Hazel Avenue, along with its agents, employees, successors and assigns, and all those holding with, through or under them, be preliminarily and permanently enjoined from:

  i.  Infringing the above-mentioned copyrights;

  ii.  Committing acts of unfair competition; and

  iii.  Printing, reprinting, publishing, copying, offering to sell, and selling copies or products infringing of the Proprietary Patterns, trade dress and trade identifiers of Plaintiffs.

B.  That Hazel Avenue, along with its agents, employees, successors and assigns, and all those holding with, through or under them, be ordered to deliver on oath, to be impounded during the pendency of this action, all articles alleged to infringe the above-mentioned copyrights.

C.  That Hazel Avenue, along with its agents, employees, successors and assigns, and all those holding with, through or under them, be ordered to deliver on oath for destruction all infringing copies, articles or products, and all parts thereof.

D.  Entry of judgment against Hazel Avenue, and each of them, for all damages, including statutory damages, suffered by Albion Fit due to Hazel Avenue's unlawful acts, including all profits that Hazel Avenue has realized from such acts.

E.  Entry of judgment against Hazel Avenue for all damages suffered by Albion Fit as a result of Hazel Avenue's acts of unfair competition and trade dress.

  F. Exemplary damages against Hazel Avenue by reason of the willful, deliberate and malicious nature of Hazel Avenue's actions evincing a reckless indifference to and disregard of Albion Fit's rights.

  G. Albion Fit be awarded its attorneys' fees and all costs.

  H. Albion Fit be granted such other and further relief as the equities of the case may require and as this Court may deem just and proper under the circumstances.

  DATED this 15th of August 2017.

        RAY QUINNEY & NEBEKER P.C.


        /s/ S. Brandon Owen
        S. Brandon Owen

        *Attorneys for Plaintiff Findlay Group, LLC*
         *a.b.a. Albion Fit*

Plaintiff's Address:

Findlay Group, LLC d.b.a. Albion Fit
1385 E. Ft. Union Blvd Suite 350
Cottonwood Heights, UT 84121

1422200v4